MAIGNAN *vs.* GLEISES.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The pendency of the hypothecary action does not operate as a bar to a demand for partition.

A defendant, after praying for a jury and permitting them to decide the cause, cannot be heard to offer his own acts as an irregularity for which the proceedings should be set aside.

In proceedings for a partition, the notary is the agent of both parties, and the return made by him is such *prima facie* evidence of the fact of notice as throws the burden of proof on the party objecting to it.

The facts are stated in the opinion of the court delivered by PORTER, J.

The parties to this suit are joint owners of a lot of ground which is undivided. The action is brought to obtain a partition of it, and the defendant pleads an exception, in which he states that he had a special mortgage on the plaintiff's half of the premises; that he had instituted a suit, by executory process, to enforce payment of his mortgage debt; and that he was not bound to await the ordinary process at law attendant upon an action of partition.

The correctness of the opinion of the court below, overruling this exception, presents the first question for our decision.

By a judgement lately rendered in this court, in the suit referred to in the defendant's exception, we affirmed the correctness of the position assumed by him, that he was not obliged to await the result of the action in partition, before he enforced payment of his mortgage debt. But, admitting this to be true, the question still remains, whether the pendency of the hypothecary action should operate as a bar to the demand for partition. We think it should not, because it is not necessarily contrary to or inconsistent with it. The

The pendency of the hypothecary action does not operate as a bar to a demand for partition.

plaintiff may become the purchaser at the sale under the order of seizure, which the defendant has taken out against him in the *via executiva*; and if he do, there is no good reason why he should be obliged to abandon this suit and pay the costs and compelled to suffer the delay necessarily attendant on bringing a new action. To avoid, however, the conflict which might be produced by two judgements, each absolute and independent of each other, between the same parties and in relation to the same thing, it will be proper, in case the other objections taken by the defendant are not found tenable, to so modify the judgement rendered below as to enable the defendant to proceed with his hypothecary action, notwithstanding the judgement in partition.

After the exception was overruled, the defendant put in an answer, in which the same matters pleaded as an exception were again presented as a defence to the action. The observations already made on the exception dispense with the necessity of saying any thing on the answer.

An inventory of the property was made by a notary public, and experts were appointed. A rule was taken on the defendant, to show cause why the report should not be confirmed, and the premises sold by " the sheriff, on such terms and conditions as each party shall indicate for his share, or for cash for the share of such party as shall fail to indicate his terms."

The defendant, having first prayed for a trial by jury, pleaded that the property could not be sold to effect a partition, as the question was at issue on the merits.

He further pleaded, that legal notice was not given to him, of the time and place of making the inventory of the property, and of the other proceedings had, touching the same. Further, that it does not appear, from the returns made to the court, at what hour on the day therein indicated, the notary had acted; and still further, that the notary had not acted within the delay prescribed by law.

This rule came for trial before the court, and after hearing the parties, it was discharged. The case was then submitted

to a jury, who, having returned a verdict that the lot could not be conveniently divided, the court gave judgement that it should be sold. From this judgement the defendant appealed.

An exception was taken to the judge ordering the cause to be tried summarily, and out of its regular turn on the docket. That exception has not been relied on here, and we therefore do not notice it.

The defendant prayed for a jury in the court below, and there resisted successfully the attempt of the plaintiff to have the matters arising out of the inventory and report tried by the judge on a rule. He now complains that the case was tried by a jury, and insists, the question of partition should have been decided on by the notary under the order of the judge.

The defendant should have thought of this before. After praying for a jury, and permitting them to decide the cause, he cannot now be heard to offer his own acts as an irregularity for which the proceedings should be set aside.

It is objected, that the law requires notice of the time, place, and hour the notary is to commence his work, and that it does not appear in evidence this notice was given.

The 1269 article of the Louisiana Code directs the notary to give, in writing, such notice; and in the *process verbal* of his proceedings he states that he commenced making the inventory, "having duly notified" the parties to attend. As the notary is the agent of both parties in proceedings of this kind, we think the return made by him is such *prima facie* evidence of the fact of notice as throws the burthen of proof on the party objecting to it. Nothing prevented the defendant calling on the notary to produce the notices in writing, if he preserved copies of them; or, if none were given, the fact might have been proved by him. The law does not require these notices should make a part of the record of the proceedings.

*A defendant, after praying for a jury and permitting them to decide the cause, cannot be heard to offer his own acts as an irregularity for which the proceedings should be set aside.*

*In proceedings for a partition, the notary is the agent of both parties, and the return made by him is such prima facie evidence of the fact of notice as throws the burden of proof on the party objecting to it.*

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided and

EASTERN DIS.
May, 1832.

reversed; and it is further ordered, adjudged, and decreed, that the lot of ground, held in common between the parties and described in the plaintiff's petition, be sold by the sheriff, after the usual advertisements and in the manner prescribed by law, without appraisement, on the terms to be indicated by the parties on or before the day of sale; and in case of the failure of either party to indicate such terms for their moiety, then the same to be sold for cash: provided, however, that the execution of this judgement shall in no manner affect or delay the seizure and sale of the premises by the defendant, under the judgement lately rendered in this court in his favor, in the suit No. 2251, where he was plaintiff and the present petitioner was defendant; and it is further ordered, that the costs in the court of the first instance be paid by each party in equal portions; those of this court by the appellee.

*Canon* and *Lockett*, for appellant. *Seghers*, for appellee.