KEMP *vs.* KEMP ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

Partial and provisional distributions of property among co-heirs, do not amount to a final partition, is not conclusive on those not parties, and the property in possession of the co-heirs, is liable to be brought into a final partition.

The Probate Court is without authority to compel property of an estate, which has been alienated by an heir, and in the possession of a third person, to be brought into a final partition among all the heirs. It cannot inquire into the validity of the title, as the party does not hold as heir.

Heirs who are of age, and parties to a provisional partition, cannot complain; but minors and co-heirs not made parties, are not concluded, and their *portions*, in a final partition, ought to be made up to them, according to the principles of equity.

This is an action of partition, instituted by the children and representatives of Thomas Kemp, deceased, against the brothers and sisters and their descendants, of David Kemp, who died in 1820, without issue, leaving a large property in the parish of St. Helena, which had been inventoried and partially divided, by several decrees of the Probate Court. The plaintiffs represent Thomas Kemp, who was also a brother of David Kemp, whose estate is sought' to be partitioned. The plaintiffs show that Isaac and Demcy Kemp, brothers of the deceased, took possession of the succession, and acted as administrators or curators, and have rendered themselves liable to the petitioners and their co-heirs, for the property of said succession; and that Isaac Kemp sold a portion of the same, consisting of negroes, to Abner Wamack, who now holds them and their increase. They, therefore, pray that an inventory be made of all the property of said estate that can be found, and in whose hands soever it may be found; that Isaac, Demcy and Rebecca Kemp, the heirs of Asa Kemp and Abner Wamack, be all made parties, and cited; and that a partition be judicially and legally made;

that Isaac, Demcy and Rebecca Kemp, be condemned to account for all the property of said estate, at the inventory prices; and that they and the said Wamack be required to account and allow for the hire and rent of said property for the time they have had it, which is worth one hundred dollars a year for each negro; and they pray for general relief.

*Wamack* appeared by counsel, and excepted to the jurisdiction of the Probate Court, that the matters set forth in the petition are not cognizable in said court.

The defendants all severed in their answers; they all, however, pleaded that the estate of David Kemp had been properly administered by Isaac and Demcy Kemp; and their accounts were legally made out and presented to the Probate Court, and were homologated by said court, which judgment is set up as *res judicata;* that the partition based on this judgment, cannot now be disturbed; that a tract of land assigned to the plaintiffs, was adjudicated to their tutrix, with the advice of a family meeting, who must account for it at the price of adjudication, &c.; that the former partition, and other proceedings in the Probate Court, were regular and valid, all the heirs being represented and made parties thereto. Wherefore, all the judgments of said court, in the matters of said succession, are pleaded as *res judicata.*

Wamack also avers in his answer, that the partitions already made, although provisional, gave each heir a valid title to the property set off to each, and that he could validly cede or sell it to a third person, &c.

Upon the pleadings and issues made up, there was a mass of evidence offered by both parties, embracing the records and documents of all the former proceedings in the succession of David Kemp.

The Judge of Probates gave judgment rescinding the former partitions, and ordered a new partition to be made. The right and title of Abner Wamack to the slaves purchased by him from Isaac Kemp, one of the heirs, *was confirmed to him,* as having been purchased in good faith, and

which he held by a just title, sufficient to support the pre-
scription of five and ten years.

The plaintiffs, and Isaac, Demcy and Rebecca Kemp,
defendants, all appealed.

*Andrews,* for the plaintiffs.

1. The only principal question, in fact, in the case, is whether A. Wamack, who purchased from Isaac Kemp, one of the heirs, can be brought into the Probate Court, and a partition had of the property in his possession. We contend that he can : That the informal partition or division gave no distinct rights and interests in the property : That it continued to belong to the heirs *in common;* and that he, Wamack, by his purchase became a co-proprietor, and he sets up no adverse title. He claims under Isaac Kemp, and can only claim his rights, and no more. Vendee has no greater rights than his vendor.

2. The rights of the minors were not alienated, and could not be, except by judicial definitive partition allowed by a family meeting. *Civil Code, page* 186, *article* 162. See *Louisiana Code,* 1438; *Civil Code, page* 16, *article* 14 ; *idem., page* 18, *article* 18.

*Lawson,* for the defendants, argued to show that all the former proceedings had, in the settlement of this succession, were valid and binding on all the parties.

2. That, as regards Wamack, he cannot be brought before the Probate Court in this proceeding ; and that he holds the property purchased by him from one of the heirs of Kemp, by a good and valid title, and cannot be disturbed.

*Bullard, J.,* delivered the opinion of the court.

The petitioners represent, that they are the children of Thomas Kemp, and as his representatives, entitled to inherit a part of the succession of his brother David Kemp, who died after their father. That while they were minors, partial and informal distributions of a part of the property was made, but that no legal partition ever took place among the co-heirs.

EASTERN DIST. That a part of the property belonging to the estate has been
June, 1840. purchased by Abner Wamack, of one of the heirs, and is
liable to partition in his hands. This suit is brought for a
final judicial partition, and Wamack was made a party.

KEMP
vs.
KEMP ET AL.

Wamack pleads to the jurisdiction of the Court of Probates,
and the co-heirs set up the former partitions as having the
force of the thing adjudged. The probate judge annulled
the former partitions, and confirmed the title of Wamack
under one of the co-heirs.

It is admitted of record in this court : 1. That the second
partition complained of was made as set out, and that the
act evidencing·the fact was given in evidence by both plain-
tiffs and defendants.

2. That the plaintiffs in this action were not parties to the
act of partition.

3. That the property partaken was the same mentioned in
the *procès verbal* of the formation of lots, and on record in the
suit.

Partial and
provisional dis-
tributions of pro-
perty among co-
heirs do not
amount to a final
partition, is not
conclusive on
those not parties,
and the proper-
ty in possession
of the co-heirs
is liable to be
brought into a
final partition.
The Probate
Court is with-
out authority to
compel proper-
ty of an estate,
which has been
alienated by an
heir, and in pos-
session of a third
person, to be
brought into a
final partition
among all the
heirs. It cannot
inquire into the
validity of the ti-
tle, as the party
does not hold as
heir.

We concur with the Court of Probates in opinion that the
two partial and provisional distributions of property among
the co-heirs do not amount to a final and definitive partition
of the estate. It is clear that those proceedings are not con-
clusive upon the present plaintiffs, who were not parties. It
follows as a corollary, that the property yet in possession of
any of the co-heirs is liable to partition, but it by no means
follows that the portion of the property alienated by one of
the heirs, and in possession of third persons, can be brought
into the partition by authority of the Court of Probates.
Although Wamack acquired really no greater right than that
of the co-heir under whom he holds, yet, the Court of Pro-
bates was without jurisdiction to inquire into the validity of
his title ; and as he does not hold as heir, that court was
without jurisdiction as to him. His exception ought, in our
opinion, to have been sustained.

As it relates to the heirs who were of age at the time of
these partitions, they have no right to complain, and so far
as they are concerned, those acts out to be made valid. But
the minors and those who were not parties are not concluded,

and their portions ought to be made up to them according to principles of equity. Such partial and informal divisions of property ought not to be treated as absolute nullities, especially when they have been acquiesced in for a series of years; and while the rights of minors are to be protected, other vested rights are, if possible, to be maintained. In cases of this kind, where it is probable the parties acted in good faith, though not in a manner strictly legal, it is much to be lamented that such difficulties cannot all be adjusted by amicable compromises, rather than by appealing to the rigors of the law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, so far as it relates to Abner Wamack, be avoided and reversed, and that the plea to the jurisdiction of the Court of Probates, as to him, be sustained, and the suit dismissed, and that it be affirmed as to the rest; the appellees paying the costs of the appeal; and that it be remanded to the Court of Probates for further proceedings, according to law.