No. 2850.—MARY E. FELLERS AND HUSBAND *v.* JULIA A. BROWN AND HUSBAND, et als.

The principal object of this action being to annul the plaintiffs' own title to a plantation, the value of which exceeded the sum of five hundred dollars: Held—That the parish court was without jurisdiction *ratione materiæ*, to entertain the suit.

APPEAL from the Parish Court, parish of Iberville. *Adonis Petot,* Parish Judge. *Mathews & Wailes,* for plaintiffs. *Barrow & Pope, and W. B. Robertson,* for defendants.

LUDELING, C. J. On the sixteenth of November, 1869, the plaintiff instituted this suit against her co-heirs for a partition of the estate of her father. She alleged that the dative testamentary executor of her father's will had never rendered an account, and she prayed that the property of the estate be sold for the purpose of affecting the partition. On the fifth of December, 1870, she filed an amended and supplemental petition, alleging that the executor and administrator of the estate of her father was sued by *herself* for a legacy of fifty thousand dollars, with legal interest from August 4, 1862; that she obtained judgment

for the sum claimed and caused a writ of *fi. fa.* to be issued under said judgment, and that, by virtue thereof, the sheriff seized, advertised and sold the oakland plantation, and that *she* became the purchaser thereof. She avers that she believes that the said sale is an absolute nullity, and that the property is still the property of the succession of James N. Brown, and she prays that it may be sold as the property of the succession of J. N. Brown, for the purpose of making the partition.

The executor and the co-heirs of the plaintiff filed an exception to this suit, on the following grounds—that, by the testament of J. N. Brown, a special legacy was left to each of his children of fifty thousand dollars, to be paid to each, as he or she should attain the age of majority, that the plaintiff claimed her legacy under the will, and she received payment thereof; that Isaac D. Brown alone of the heirs has not received his legacy, that he has reached his majority, and he is entitled to receive his legacy, and that there are other debts due by the estate; they represent that application to sell property to pay said charges has been made, and the order to sell has been granted and the property advertised for sale. That the property of the estate can not be taken from the executor by the heirs, or a partition thereof, by licitation, be made, until an amount sufficient to discharge the movable legacy and the debts be advanced by the heirs. To the amended or supplemental petition the defendants excepted, on the ground of want of jurisdiction of the parish court *ratione materiæ*. The exceptions were overruled, and upon the merits there was judgment declaring the sale of the Oakland plantation a nullity, and ordering a sale of all the property claimed to belong to the succession to affect the partition. From this order an appeal has been taken. We think the order such an one as might work an irreparable injury, and, therefore, the parties may appeal from it.

There were a great many bills of exceptions taken to the ruling of the judge *a quo,* but the views, which we entertain, relative to the issues raised by the pleadings, render it unnecessary to decide them.

The evidence shows that the executor was proceeding to sell a part of the property of the succession under a judgment of this court, to pay a movable legacy and debts, and that the succession was in course of administration. It would seem that the plaintiff ought not to be permitted, thus summarily, to set aside the legal proceedings of the executor under the sanction of this court, and in the lawful discharge of his duties, without first advancing the money necessary to discharge the legacy and debts. C. C. art. 1671.

Nor does the law or equity sanction her attempt to attack her own title, acquired at a judicial sale, provoked by herself, several years ago, and whilst she is in the quiet possession of the property as owner. 7 An. 617, 755; 4 La. 61 ; 15 La. 520.

The parties, who might have complained of any irregularities in the sale, have not complained, nay, in this suit they declare their willingness to perfect the title in any way which may be deemed essential. C. C. 1791; 13 An. 34, Suc. of Devereux.

From a careful examination of this case, we conclude that the direct and principal object of this suit was to annul the plaintiff's own title to the Oakland plantation, the value whereof greatly exceeds five hundred dollars. The plaintiff, at the judicial sale, acquired title as a purchaser, and in a contest with the succession relative to the title to said property, she is to be regarded as a stranger to the succession.

The parish court was without jurisdiction, *ratione materiœ*, to try the matters presented in the amended petition. 21 An. 556, Rogers v. Morrison, executor et al.

It is therefore ordered and adjudged, that the judgment of the lower court be annulled, and that there be judgment dismissing the plaintiff's demands with costs of both courts.

Rehearing refused.